UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:91-CR-272-T-27JSS

RONALD STANSEL,
_____/

## ORDER

**BEFORE THE COURT** are Defendant's *pro se* Motion for Modification of Term of Imprisonment (Dkt. 754) and Supplement Motion for Modification of Term of Imprisonment (Dkt. 765). Both motions are DENIED.

His Motion for Modification of Term of Imprisonment (Dkt. 754), to the extent he seeks relief under the pilot program for elderly offenders, is DENIED as moot.[1]

Construing his Supplement Motion for Modification of Term of Imprisonment (Dkt. 765) liberally, he seeks modification of his sentence of imprisonment under the First Step Act, Sections 401 and 403. By the plain language of the First Step Act, however, Sections 401 and 402 are not retroactive. His motion is therefore DENIED.[2]

**DONE AND ORDERED** this 14th day of August, 2019.

/s/ *James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, *pro se*, Counsel of Record

---

[1] The Federal Defender filed notice that Defendant is not seeking compassionate release and he is currently serving his term of imprisonment on home detention pursuant to the pilot program for elderly offenders (Dkt. 764). His construed motion for relief under that program is denied as moot.

[2] Defendant's Motion for Modification of Term of Imprisonment under the First Step Act (Dkt. 754) was denied because his offense was not a "covered offense" as defined by Section 404 of the First Step Act (Dkt. 760). To the extent he seeks a sentence modification under Amendment 782 to the United States Sentencing Guidelines, relief is denied for the same reasons his prior two motions for relief under Amendment 782 were denied (see Dkts. 746, 750).