UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.   Case No. 8:91-CR-272-T-27JSS

RONALD STANSEL

_____/

### ORDER

**BEFORE THE COURT** are Defendant's *pro se* "Motion for Order Directing United States Probation Office from Charging Home Monitoring Fee Per Eric Holder's, Attorney General Change of Law" (Dkt. 787), the United States Probation Office's response (Dkt. 789), and the United States response (Dkt. 790). Upon consideration, his motion is **DENIED**.

Defendant asserts that since being placed in home confinement, he has been charged $1,177.35 by "BI Inc." for ankle monitoring services. (Dkt. 787 at 2). He contends that after certain policy changes were made, the Bureau of Prisons ("BOP") is not permitted to charge inmates for such fees. (Id. at 1). He requests that an order be entered directing the BOP and the United States Probation Office to comply with the policy changes and "reimburse Ronald Stansel the full sum $1,177.35 immediately." (Id. at 2).

In response, Probation asserts that because Defendant remains in BOP custody, under the Location Monitoring Program, it does not have authority or jurisdiction over him. (Dkt. 789 at 1). As a result, Probation "defer[s] to the [BOP] as to whether they will waive the electronic monitoring fees." (Id.). Moreover, the United States asserts that "any charges being incurred by the defendant are generated from the [BOP] and the defendant's relief should be sought there." (Dkt. 790 at 1). The Court agrees.

The Federal Bureau of Prisons' Administrative Remedy Program allows Defendant to seek formal review of "any aspect of [his] confinement." *See* 28 C.F.R. § 542.10 (2017). Before seeking relief with the Court, he must exhaust all administrative remedies. *See id.* §§

542.13-542.18; *Okpala v. Drew*, 248 F. App'x 72, 73 (11th Cir. 2007) (citing *Alexander v. Hawk*, 159 F.3d 1321, 1324 (11th Cir. 1998)) (explaining the process to exhaust administrative remedies within the BOP). Although Defendant asserts that he has exhausted all administrative remedies under the Home Confinement Program, he does not provide any documentation or details supporting that assertion. Accordingly, his motion is **DENIED**.

    **DONE AND ORDERED** in chambers this 10th day of July, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record, United States Probation, Bureau of Prisons