UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                          Case No. 8:91-cr-272-T-27JSS

**RONALD STANSEL**

_____/

## ORDER

**BEFORE THE COURT** is Defendant's *pro se* "Judicial Notice of Adjudicative Facts Pursuant to Fed. R. Evid. 201(c), (d), and (e)" (Dkt. 792), which is construed as a motion for reconsideration of the order denying his *pro se* "Motion for Order Directing United States Probation Office from Charging Home Monitoring Fee Per Eric Holder's, Attorney General Change of Law" (Dkt. 787). A response is unnecessary. Upon consideration, the construed motion is **DENIED**.

Although motions for reconsideration are not expressly authorized by the Federal Rules of Criminal Procedure, this Circuit permits motions for reconsideration in criminal cases in certain circumstances. *United States v. Phillips*, 597 F.3d 1190, 1199 (11th Cir. 2010). Assuming this construed motion is permissible, Defendant provides no arguments warranting reconsideration.[1]

Defendant's first argument is that his due process rights were violated because he did not have an opportunity to reply to the government's response to his motion before this Court ruled. (Dkt. 792 at 1-3). This does not demonstrate manifest error. Local Rule 3.01(c) prohibits the filing of a reply absent leave of court. Defendant did not have a right to file a reply. *See United States v. Valencia-Trujillo*, 462 F. App'x 894, 896 (11th Cir. 2012).

Defendant's other argument is that he has exhausted all administrative remedies within

---

[1] Applying the standard for reconsideration in civil cases, the only grounds for reconsidering a ruling are the submission of newly-discovered evidence or a demonstration of manifest error. *Kight v. IPD Printing &*

1

the Bureau of Prisons. (Id.). He contends that "this court has jurisdiction to entertain this motion and grant Stansel relief under the administrative remedy of Home Confinement and BOP administrative remedy is moot and not applicable to Stansel under the Home Confinement policies and procedure." (Id. at 2). However, he does not submit "newly-discovered evidence" to support these assertions or demonstrate manifest error to warrant reconsideration. Accordingly, his construed motion for reconsideration is **DENIED**.

**DONE AND ORDERED** in chambers this 3rd day of August, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record, United States Probation

---

*Distributing, Inc.*, 427 F. App'x 753, 755 (11th Cir. 2011) (citation omitted).